# LINZALONE v. STATE OF FLORIDA

## Case No. 84-174-AC

Eleventh Judicial Circuit, Appellate Division, Dade County

February 8, 1985

### APPEARANCES OF COUNSEL

**Mark Hektner** for appellant.

**Jim Smith,** Attorney General, and **Julie S. Thornton,** Assistant Attorney General, for appellee.

Before TENDRICH, BARAD, SMITH JJ.

### OPINION OF THE COURT

SMITH, Judge.

Defendant, Giovann Linzalone, was convicted and sentenced for driving under the influence by the trial court upon a purported plea of guilt. He appeals the conviction on the ground that he did not enter a knowing and voluntary plea. We agree and reverse.

The entire transcript of testimony at the arraignment is reprinted below.

THE COURT: Giovann Linzalone? How are you, sir?

THE WITNESS: Okay

THE COURT: How do you wish to plead today?

THE WITNESS: I don't know. It's the first time I have been here today.

THE COURT: Well, it's the first time for most of the people that are in here today. You are charged with driving under the influence. What was his reading?

MR. CATALONA: .14

THE COURT: Do you wish to plead guilty or not guilty? You have a right to plead not guilty; you have a right to a trial you have a right to an attorney. We will not furnish one for you, that is, we won't pay for one but you can get one and have one, if you like.

THE WITNESS: If I plead guilty, I have to pay the fine right now?

THE COURT: Most of it, some of it, a large portion of it. How much do you have with you?

THE WITNESS: Well, not enough. Would it be better if I went to Countermeasure school?

MR. CATALONA: I'd like to point out Judge, that it would be best for him. Judge Simms will more than likely be here the next time.

THE COURT: It's going to cost you . . . .

MR. CATALANO: If you come to trial and Judge Simms is here, Judge Simms standard policy is, she adjudicates right then and there, and if you've got the school finished, at that time, she will offer you a permit—that is, at the time of your adjudication. If not, you will have no license to drive home. So that's something to keep in mind, the difference between Judges.

THE COURT: Well, they can tell the difference between Judge Simms and me. She doesn't have a white beard. Well, sir, what do you want to do?

THE WITNESS: Well, I need a Work Permit.

THE COURT: So?

THE WITNESS: If I plead guilty now . . . .

THE COURT: I'll take your plea now, but I won't adjudicate you now, if that's what you want to do.

MR. CATALANO: So, you're going to come back with the school finished—

THE COURT: Complete the school for sentencing, get there tomorrow and get it done.

MR. CATALANO: Just go have a seat over there.

THE COURT: Continued to the Defendant for sentencing.

(Thereupon, the proceedings were concluded.)

There are no words uttered by the Appellant which constitute the entering of a guilty plea. Nor do we find, as the State urges, that a form which contains a checked box next to the word "guilty" is a legally sufficient substitute for a clearly articulated plea of guilty.[1]

Finding no evidence of the entry of a guilty plea, we need not reach the question of whether the trial court complied with the procedure mandated by Rule 3.172 of the Florida Rules of Criminal Procedure.

Reversed and remanded to the trial Court for further proceedings.

---

[1] Furthermore, there is no evidence indicating how, when or by whom the box was checked.